MARK F. MURDOCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Murdock v. Commissioner
Docket No. 10426-83.
United States Tax Court
T.C. Memo 1984-497; 1984 Tax Ct. Memo LEXIS 179; 48 T.C.M. (CCH) 1155; T.C.M. (RIA) 84497; September 17, 1984. Mark F. Murdock, pro se. Robert F. Geraghty, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: By notice of deficiency dated February 1, 1983, respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654(a)
Year
Deficiency
Additions to Tax
Additions to Tax
Additions to Tax
1978
$ 4,411
$ 430
$ 221
$ 33
1979
5,560
641
278
76
1981
8,083
925
404
266
On May 29, 1984, the Court granted respondent's motion for leave to amend his answer to assert an increased deficiency and additions to tax for 1981 as follows: Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a)
Deficiency
Addition to Tax
Addition to Tax
Addition to Tax
$ 8,348
$ 1,335
$ 418
$ 288
*181 Respondent's motion was based upon additional unreported income petitioner had received in 1981. When this case was called on June 20, 1984, at a trial session of this Court in Anchorage, Alaska, petitioner failed to appear and respondent accordingly moved the Court to dismiss this case because of petitioner's failure to properly prosecute. See Rule 123(b) and Rule 149(b). The Court granted respondent's motion for the underlying deficiencies and additions to tax as set forth in the statutory notice of deficiency. This holding was based on the grounds that petitioner had defaulted by reason of his nonappearance at the trial and/or had failed to carry his burden of proof. ; Rule 142(a). With respect to the additional deficiency and additions to tax for 1981 which were not determined in the statutory notice of deficiency, however, respondent has the burden of proof. Rule 142(a); . Thus, as a result of the foregoing, the issues for decision are (1) whether petitioner received additional gross income in 1981 and (2) whether petitioner is liable for *182 additions to tax under sections 6651(a), 6653(a), and 6654(a) for 1981. FINDINGS OF FACT Petitioner Mark F. Murdock resided in Palmer, Alaska, when he filed the petition herein. During 1981 petitioner worked as a pilot for Wien Air Alaska, Inc. (Wien Air) and Alascom, Inc. (Alascom), a communications company. He received wages that year totalling $ 27,614.52 and $ 14,955 from Wien Air and Alascom, respectively. He also received interest totalling $ 233 and dividends totalling $ 989 in 1981. [2] Petitioner had $ 7,391 of Federal income tax withheld from his wages in 1981, but he did not pay any estimated tax that year. Petitioner failed to file a Federal income tax return for 1981 even though he knew he was obligated to do so. [3] In his =P0000*4 notice of deficiency, respondent determined that petitioner's taxable income for 1981 was only $ 27,615, representing salary from Wien *183 Air. In his amended answer, respondent asserted that petitioner received additional wages in 1981 totalling $ 14,955, attributable to services performed as a pilot for Alascom, and that he also received $ 233 of interest and $ 989 of dividends that year. Based on those amounts, respondent increased petitioner's deficiency for 1981 and the additions to tax under sections 6651(a), 6653(a), and 6654(a).[4]
OPINION The first issue is whether petitioner received items of gross income totalling $ 16,177 in addition to salary of $ 27,615 stated in the notice of deficiency for 1981. Respondent has shown that petitioner worked as a pilot for Alascom in 1981 and received wages totalling $ 14,955 for his services. In addition, respondent has presented evidence showing that petitioner received interest totalling $ 233 and dividends totalling $ 989 in 1981. These wages, interest, and dividends constitute gross income under section 61(a). Accordingly, we find that petitioner had additional gross income of $ 16,177 in 1981. Thus, *184 we sustain respondent's additional deficiency determination. The second issue is whether petitioner is liable for additions to tax under sections 6651(a), 6653(a), and 6654(a) for 1981. Section 6651(a) imposes an addition to tax for failure to file a timely income tax return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Since petitioner received more than $ 43,000 of gross income during 1981, it is clear that he was required to file an income tax return for that year. Sec. 6012(a)(1)(A). Furthermore, respondent has shown that petitioner's failure to file a return was due to his willful neglect and not due to reasonable cause. Accordingly, we sustain the addition to tax under section 6651(a). Section 6653(a) imposes an addition to tax if any part of any underpayment of tax is due to negligence or intentional disregard of rules or regulations. Respondent has shown that there was an underpayment of tax and that petitioner intentionally failed to file a return for 1981. Accordingly, we sustain the addition to tax under section 6653(a). Finally, section 6654(a) imposes an addition to tax for failure to pay a sufficient amount *185 of estimated tax. When there has been a failure to pay or an underpayment of estimated tax, this particular addition is mandatory and no inquiry is made as to possible reasonable cause or lack of willful neglect. , remanded on other grounds . Since insufficient amounts of Federal income tax were withheld from petitioner's wages [5] and since petitioner failed to pay an estimated tax for 1981, we sustain the addition to tax under section 6654(a).
To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner received interest and dividends from the following sources in 1981: ↩
Interest
Dividends
Guardian Life Ins. Co.
$ 107
The El Paso Co.
$ 763
First Bank
57
AlaskaUSA Federal Credit
53
Pacific Power &
226
Alaska Coast Guard Federal
16
Light Co.
3. Petitioner last filed a Federal income tax return for 1976. ↩
4. As noted previously, respondent has the burden of proof on all of the issues herein.↩
5. See sec. 6654(d).↩